UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**VINCENT ROBINSON**                     **CIVIL ACTION NO. 07-0217 "P"**

**VS.**                                  **JUDGE JAMES**

**MOREHOUSE PARISH JAIL, ET AL.**        **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 5, 2007, by *pro se* plaintiff Vincent Robinson. When he filed this complaint, plaintiff was an inmate in the Morehouse Parish Jail (MPJ), Bastrop, Louisiana; however, on May 31, 2007, he notified the court that he had been released and was residing in Hammond, Louisiana. Plaintiff complained that he was placed in administrative segregation upon his arrival at MPJ and denied television, telephone, and shower because he is a homosexual. Plaintiff prayed for a transfer to another institution and for $100/day for each day he was confined in MPJ's lock-down. Plaintiff named MPJ, Warden Billy Harrison, and Deputy Trevor Wilhite as defendants.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff arrived at MPJ on January 31, 2007. He claimed that he was placed in administrative segregation because he is "an open homosexual." Plaintiff claimed that as of the date he signed his complaint, February 1, 2007, he was not allowed to use the telephone, take a shower, or watch television. Plaintiff claimed that he fears for his life because he has been

1

threatened with physical harm.

## Law and Analysis

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

2

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides the specifics of his theory of liability with respect to the defendants. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous and should be dismissed accordingly.

### 2. Plaintiff's Injury

"[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). For this reason, no compensatory damages may be awarded in a §1983 suit absent proof of actual injury. *Id.*, at 264, 98 S.Ct., at 1052. Accord, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307, 308, n. 11, 106 S.Ct. 2537, 2543, 2543-2544, n. 11, 91 L.Ed.2d 249 (1986). *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).

By his own admission, plaintiff was incarcerated at the MPJ on January 31, 2007; he signed his complaint within 24 hours of his arrival.

Prisoners have no constitutional right to watch television since watching television is not one of life's necessities nor is it a basic human need. See *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Montana v. Commissioners*

3

*Court*, 659 F.2d 19, 23 (5th Cir. Unit A Sept.1981).

Plaintiff claims that he was denied a shower and telephone privileges for 24 hours; however, he claims no injury as a result of these inconveniences. The denial of telephone and shower privileges for short periods does not constitute cruel and unusual punishment. *Hamilton v. Lyons*, 74 F.3d 99, 106 at fn. 8 (5th Cir. 1996).

Plaintiff claims that he was verbally threatened by corrections officers. Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).

Finally, segregation in lock-down for short periods of time is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life ... " and therefore such a claim is barred by *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and progeny.

In short, plaintiff's claims are frivolous as that term is defined by the jurisprudence cited above, and dismissal on that basis is recommended.

### 3. Juridical Person

Plaintiff has named the MPJ as a defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether MPJ has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

MPJ is a parish corrections facility operated by the Sheriff of Morehouse Parish, but is not a juridical person. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also,

*Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)]

Further, to the extent that plaintiff's complaint is with the Morehouse Parish Sheriff's Office, it is also subject to dismissal. In Louisiana the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

In other words, the State of Louisiana has not granted juridical status to either the Sheriff's Office or to the penal institutions administered by the Sheriff.

Plaintiff's suit against this non-juridical entity is patently frivolous.

It appears that plaintiff is no longer in custody. [See doc. 10] However, if the court adopts this Report and its Recommendation, such judgment will constitute plaintiff's third strike[1] under the provisions of 28 U.S.C. §1915(g) which provides, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

Accordingly,

---

[1] See *Vincent Robinson v. Randy Pinion, et al.*, No. 2:96-cv-00470 (E.D.La. 4/2/96)(prisoner suit dismissed as malicious); *Vincent Robinson v. Edgar Day, et al*, No. 2:01-cv-2464 (E.D.La. 1/14/2002) (prisoner suit dismissed as frivolous).

5

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i);

**IT IS FURTHER RECOMMENDED** that plaintiff be barred from bringing any civil action or appealing any judgment in a civil action or proceeding *in forma pauperis* so long as he is a prisoner as that term is defined by the provisions of 28 U.S.C. §1915(h).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

6